## LIEN LOST BY FAILURE TO RECORD ASSIGNMENT OF MORTGAGE.

Circuit Court of Wood County.

ELECTA CONKLIN v. ROZELL TYLER ET AL.*

Decided, October 24, 1912.

*Failure to Record Assignment of Mortgage—Renders Lien Invalid as to a Subsequent Innocent Purchaser from the Mortgagee—Steps Necessary to Make a Tender Effective.*

1. Where a grantor of land accepts in part payment a note and mortgage, which he assigned but no record was made of the assignment, and subsequently the grantee and mortgagor reconveyed the property to the grantor, who promised to surrender the mortgage but delayed doing so, and in the meantime he sold the property to a

*Affirming *Conklin* v. *Tyler et al*, 13 N.P.(N.S.), 441.

third party who had no knowledge of the assignment of the mortgage, the said innocent purchaser takes the property free from the lien of the assigned mortgage.

2. To render a tender effective, it is necessary not only that it be made prior to the bringing of the action, but also that the amount be brought into court and paid over to the clerk before trial is had of the case.

*E. D. Bloom,* for plaintiff in error.
*N. R. Harrington,* contra.

KINKADE, J.; WILDMAN, J., and RICHARDS, J., concur.

Error to the Common Pleas Court of Wood County.

This was an action in the court of common pleas based upon certain promissory notes secured by two mortgages. There was no dispute as to the balance due upon four of the notes secured by one of the mortgages, nor as to the validity of that mortgage. The contest was with respect to one note secured by the other mortgage. As was found by the common pleas court, very little dispute, if any, existed between the parties as to the facts in the case touching even this note and mortgage. The question presented for our consideration can be stated briefly and the dates omitted, as they are numerous and not material to the decision of the question here.

Twenty acres of land were sold by the owner thereof and a deed executed; the grantee at the same time executed to the grantor a purchase money mortgage to secure the greater part of the selling price. After this occurred the grantor to secure an indebtedness of his own to a third party assigned the purchase money note and mortgage to the third party as collateral security for that debt. Following this the grantee concluded that the sale was one he would not be able to carry out and solicited the grantor to surrender his note and mortgage and take a reconveyance of the property. Three hundred dollars had already been paid by the grantee on the purchase price and for this he took a promissory note from the grantor, and executed a warranty deed in due form, reconveying the property to the grantor. The assignment of the purchase money note and mortgage by the grantor to the third party was not entered upon

the record until long after this.   The grantor explained to the grantee, upon receiving a reconveyance of the property, that he was unable at that time to return the purchase money note and mortgage for the reason that it was temporarily beyond his control and concealed the fact that he had hypothecated it for his own purposes, as stated.

After receiving a reconveyance of the property from his grantee the grantor placed the deed reconveying the property to him upon record and then sold the property to the defendants in this action prior to the time of the entering upon the record  of the assignment of the purchase money note and mortgage that he had hypothecated, as stated, and the record shows that at the time the defendants (Tyler) bought the property they had no notice, actual or constructive, of the assignment of this mortgage by the grantor to a third party or that any such mortgage was outstanding.   The record charged them with notice, of course, that such mortgage had been executed and recorded, and so far as the record of that mortgage was concerned it stood unreleased of record and the record also gave them notice that the mortgagor had, as stated, duly reconveyed the property to the mortgagee, the party from whom he had received title.

The question is whether, under this state of facts, a good faith purchaser of the property for value can hold the property, as against the owner of the mortgage by assignment, when there appeared nothing upon the record to charge the purchaser of the land with notice that the person holding the mortgage was the owner of it or that any one other than the original mortgagee had ever acquired any interest in it.

The court of common pleas held that the defendants having purchased the premises under the circumstances stated had a title thereto superior to that of the party holding the outstanding mortgage, the assignment of which had not been entered of record.   We fully concur in the conclusion reached by the court of common pleas on this branch of the case.

The defendants in the case were allowed to recover their costs upon the ground that a tender of the full amount had been made before the commencement of the action.

We can not concur with the conclusion reached by the trial judge, as the record shows that it was admitted in court that the amount due on the 28th day of March was $1,718, and shows that upon that day a tender was made according to a certain paper writing which is copied in the record, and the paper writing avers that the tender was made on the 29th. If the amount mentioned was the correct amount due on the 28th a tender of the same amount on the 29th, evidently would not be sufficient. This may be a mere error of dates and is not the serious thing that attracts our attention. Section 11390 of the code states distinctly what must be done to constitute a valid tender. The section reads as follows:

Section 11390. ''In an action on a contract for the payment of money, if the defendant answers and proves that before the commencement of the action, he tendered payment of the money due thereon, and before trial pays to the clerk the money so tendered, the plaintiff shall not have judgment for more than the money so due and tendered, without costs, and shall pay the defendant his costs.''

It will be noted that it is not sufficient to tender the amount prior to the suit, but that it is quite as important that the amount be brought into court and paid to the clerk, if the party making the tender would avoid a judgment for costs. Nothing appears in the record to show that this was done, and no claim was made in argument that it had been done.

In this state of the record we think the plaintiff is clearly entitled to recover costs as part of the judgment to which she is admittedly entitled to have entered in her favor on the third, fourth, fifth and sixth causes of action, and the judgment of the court of common pleas as thus modified will be affirmed.