FIFTH THIRD BANK, Appellee,

v.

NCS MORTGAGE LENDING COMPANY ET AL., Appellants, et al.

[Cite as *Fifth Third Bank v. NCS Mtg. Lending
Co.,* 168 Ohio App.3d 413, 2006-Ohio-571.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–050376.

Decided Feb. 10, 2006.

Mason, Schilling & Mason Co., L.P.A., Jonathan A. Mason, Joseph M. Ruwe, and Jeremy R. Mason, for appellee.

Shapiro & Felty, L.L.P., and John A. Polinko, for appellants.

MARK P. PAINTER, Judge.

{¶ 1} Defendant-appellant Bank One National Association, as trustee for the ARC 2001–BC6 trust, appeals the trial court's denial of its attempt to belatedly enter a foreclosure proceeding. Applying the age-old legal maxim snoozeth-loseth, we affirm.

## I. Many Owners, but No Recordings

{¶ 2} Plaintiff-appellee, Fifth Third Bank, made commercial loans to Keesh Construction, Inc. The loans were secured in part by a mortgage upon defendants Keesh and Valerie Edwards's personal residence. After the Edwardses default-ed on the loans, Fifth Third foreclosed on the Edwardses' property, in June 2003.

{¶ 3} Fifth Third served the Edwardses with notice of the foreclosure. Fifth Third also gave notice to defendant-appellant NCS Mortgage Lending Company, which had held a second mortgage on the Edwardses' property. Both the Edwardses and NCS failed to respond, and Fifth Third obtained a default judgment in August 2003.

{¶ 4} In October 2003, Bank One moved for leave to file an answer, explaining that it had just discovered Fifth Third's foreclosure action while preparing its own foreclosure action against the Edwardses' property.

{¶ 5} Apparently NCS had sold the mortgage to First Greensboro Bank on the secondary market, and First Greensboro had assigned the loan to First Greens-boro Home Equity, Inc. According to an affidavit offered by Bank One, NCS "inexplicably" failed to record the assignment to First Greensboro in Hamilton County, despite agreeing to do so.

{¶ 6} After that, First Greensboro Home Equity sold the mortgage to Lehman Capital and Lehman Brothers Bank, who then sold it to Countrywide Home Loans, Inc. Countrywide immediately sold the mortgage to Bank One, but continued to service the loan for Bank One. Bank One claimed that Countrywide had directed First Greensboro Home Equity to record the mortgage transactions so that they would reflect Bank One's ownership of the mortgage. Apparently, that was never done.

{¶ 7} Upon discovering that a foreclosure proceeding had already occurred against the Edwardses' property and that Fifth Third had obtained a default judgment against NCS concerning the mortgage that Bank One now owned, Bank One moved the trial court for leave to file an answer and cross-claim. It also sought to stay the sheriff's sale of the property (though the sale had already been stayed due to Valerie Edwards's bankruptcy petition). On October 30, 2003, the trial court granted Bank One leave to file its answer and cross-claim and ordered a stay of the sheriff's sale.

{¶ 8} In January 2004, Bank One moved for an order to add itself as a party-defendant and to authorize the filing of an amended answer, a counterclaim, and a cross-claim. Fifth Third opposed Bank One's motion, moving to strike Bank One's pleadings. Fifth Third argued that no assignment had been recorded to substantiate Bank One's claim of ownership of the NCS mortgage. It further argued that Bank One had not met its burden under Civ.R. 55(B) and 60(B) to have the default judgment set aside.

{¶ 9} The trial court held an oral hearing on all motions. The court determined that Bank One had not make the requisite showing of excusable neglect to permit the filing of an answer out of time or to relieve it from the default judgment. Therefore, the court denied Bank One's Civ.R. 55(B) and 60(B) motion.

{¶ 10} The court also held that it had inadvertently granted Bank One leave to file an answer and a cross-claim and stayed the sheriff's sale. The trial court explained that it had not realized that Fifth Third had obtained a default judgment against NCS (and Bank One). Therefore, the court rescinded its October 30, 2003 order and struck Bank One's pleadings.

## II. "Inexplicable" Neglect

{¶ 11} On appeal, Bank One brings one assignment of error. Bank One argues that the trial court erred when it denied its motion for an order to add itself as a party-defendant and claims that it should have been allowed to file pleadings in the foreclosure proceeding. Bank One contends that it was entitled to relief under Civ.R. 55(B) and 60(B).

{¶ 12} Under Civ.R. 55(B), a trial court may set aside a default judgment in accordance with Civ.R. 60(B). To prevail on a motion under Civ.R. 60(B), the movant must demonstrate that (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time.[1]

{¶ 13} These requirements are independent, meaning that if any one of them is not met, the movant is not entitled to relief.[2] A trial court's ruling on a Civ.R. 60(B) motion will not be overturned on appeal absent a showing of an abuse of discretion.[3]

{¶ 14} One of the grounds listed in Civ.R. 60(B) to justify relief from a default judgment is excusable neglect.[4] The Ohio Supreme Court has stated that excusable neglect is an elusive concept that is difficult to define and to apply.[5] Nonetheless, it has defined "excusable neglect" in the negative by stating that "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " [6]

{¶ 15} Bank One claims that it was entitled to relief because of excusable neglect. It concedes that there was neglect in this case and that the neglect was the failure to record the various assignments of the mortgage. Apparently this neglect occurred about four different times.

{¶ 16} But Bank One asserts no reason why such neglect was excusable. In fact, Bank One has admitted that NCS's failure to record the initial assignment to Lehman Capital was "inexplicable." If there was no explanation for why the assignment was not recorded, then surely the neglect was not excusable.

{¶ 17} Bank One further relies on its claims that none of the instances of failing to record an assignment was its fault but that each was the fault of the party assigning the mortgage. But even if the responsibility to record lies with the assigning party, a party obtaining a mortgage certainly has an interest in verifying that the mortgage transfer has been properly recorded. The receiving

---

1. See *GTE Automatic Elec., Inc. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.

2. See *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914.

3. See *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.

4. Civ.R. 60(B)(1).

5. See *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102.

6. Id., *GTE Automatic Elec. Inc.*, 47 Ohio St.2d at 153, 1 O.O.3d 86, 351 N.E.2d 113.

party should bear some responsibility for checking that the transaction has been recorded.

{¶ 18} We conclude that Bank One's failure to verify that its purchase of the mortgage was properly recorded was not excusable neglect. Therefore, the trial court did not abuse its discretion when it determined that Bank One had failed to demonstrate excusable neglect and that Bank One was not entitled to relief from the default judgment entered against NCS.

### III. Other Cases

{¶ 19} Two Ohio cases with similar facts support our conclusion. The Ohio Supreme Court decided *Pinney v. Merchants' Natl. Bank* in 1904.[7] The court held that when an "assignee fails to have his assignment so entered of record, and a senior mortgagee of the same premises brings an action to foreclose, he is, in the absence of notice or knowledge that the junior mortgagee has parted with his interest, justified in regarding the record as showing that the junior mortgagee remains the absolute holder of the mortgage, and in bringing him in as a party to the action. He is not required, at his peril, to ascertain whether or not some other person has an interest in the mortgage and make him a party."[8]

{¶ 20} Bank One has argued that it was not the junior, but the senior, mortgagee on the Edwardses' property. But the holding of *Pinney* is still applicable. A party must record its mortgage interest or else risk not being notified and not being made a party to an action concerning the property.

{¶ 21} One hundred years after the Ohio Supreme Court decided *Pinney,* the Fourth Appellate District decided *Wagner v. Bank One.*[9] In *Wagner,* the Wagners foreclosed on property, naming Central Trust as a defendant. Central Trust did not answer, and the trial court entered a decree for judgment, foreclosure, and sale, extinguishing any interest Central Trust had in the property. Apparently, Bank One owned the mortgage due to an assignment from Central Trust that was never recorded. After the decree, Bank One moved under Civ.R. 60(B) to vacate the decree based on the argument that it had never been served.

{¶ 22} The court held that Bank One was not entitled to relief from the trial court's judgment. It stated, "[I]f the assignee does not provide the proper notice

---

7. *Pinney v. Merchants' Natl. Bank* (1904), 71 Ohio St. 173, 72 N.E. 884.

8. Id. at paragraph one of the syllabus.

9. *Wagner v. Bank One* (Dec. 20, 1995), 4th Dist. No. 95CA7, 1995 WL 761301.

by recording the assignment and thus is not named as a party, he is bound by the decree of foreclosure to the same extent as the named party assignor." [10]

{¶ 23} In *Pinney*, the court held that this outcome results from "the application of an equitable principle that where one of two innocent parties must suffer[,] the loss should fall upon who has, by his negligence, permitted one to repose confidence in a public record which fails to speak the whole truth. * * * The means were thus at its hand to protect its own interest and to prevent others from being misled. * * * [W]here such assignment is not so entered, mortgagees and subsequent purchasers in the absence of notice otherwise are justified in relying upon the record as they find it and in acting accordingly." [11]

{¶ 24} Therefore, we conclude that the trial court did not abuse its discretion when it denied Bank One's motion to be added as a party-defendant and to file pleadings in the foreclosure proceeding. We overrule Bank One's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

HILDEBRANDT, P.J., and DOAN, J., concur.

---

10. Id.

11. *Pinney*, 71 Ohio St. at 183–184, 72 N.E. 884.