In re Earl Eugene WILLIAMS, Belinda Joyce Williams, Debtors.

Thomas R. Noland, Chapter 7 Trustee, Plaintiff

v.

Wells Fargo Bank N.A., et al., Defendants.

Bankruptcy No. 07–35191.
Adversary No. 08–3079.

United States Bankruptcy Court, S.D. Ohio, Western Division at Dayton.

Sept. 29, 2008.

**36**

Richard E. West, Springboro, OH, for Debtors.

Robert F. Holmes, Cincinnati, OH, for Mortgage Electronic Registration Systems, Inc.

Hannah W. Hutman, Statman, Harris & Eyrich LLC, Dayton, OH, for Chapter 7 Trustee.

Scott A. King and Jennifer L. Maffett, Thompson Hine LLP, Dayton, OH, for Wells Fargo Bank, NA.

## DECISION ON MOTION OF WELLS FARGO BANK N.A. TO DISMISS COMPLAINT

GUY R. HUMPHREY, Bankruptcy Judge.

### I. *Background*

Thomas R. Noland, the Chapter 7 Trustee (the "Plaintiff" or "Trustee") in the

estate case seeks through this adversary proceeding to avoid a mortgage lien filed for record in the name of Mortgage Electronic Registration Systems, Inc. ("MERS") based on the allegation that a valid assignment of the mortgage was not recorded on behalf of the holder of the note secured by such mortgage as required by Ohio law.

This matter is before the court on the *Motion of Wells Fargo Bank, N.A. to Dismiss Complaint* filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), on April 18, 2008 (the "Motion to Dismiss") (Adv.Doc.6); the *Plaintiff's Response in Opposition to Motion of Wells Fargo Bank, N.A. to Dismiss Complaint* filed on June 6, 2008 (the "Response") (Adv. Doc.15); and the *Reply of Wells Fargo Bank, N.A. to Plaintiff's Response in Opposition to Motion to Dismiss Complaint* filed on June 27, 2008 (Adv.Doc.20).

## II. *Jurisdiction*

This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334 and General Order No. 05–02 of the United States District Court for the Southern District of Ohio referring all bankruptcy cases, matters, and proceedings to the bankruptcy court. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), (K), and (O).

## III. *Facts and Procedural Background*

The facts as alleged in the *Complaint to Determine the Validity and/or Avoidability of Liens claims by Defendants in Property of The Estate Commonly Know (sic) as 538 South Schoolhouse Road, Vandalia, Ohio, and For Other Relief* (Doc. 23; Adv. Doc. 1) (the "Complaint") are as follows.

On May 2, 2005, Earl and Belinda Williams (the "Debtors"), executed and delivered to United Wholesale Mortgage, Inc. ("UWM") a promissory note in the original principal amount of $137,730.00 (the " Note"). Concurrently, to secure the Note, the Debtors executed and delivered to UWM a mortgage (the "Mortgage") on a parcel of real property located at 538 South Schoolhouse Road, Vandalia, Ohio (the "Property"). UWM recorded the Mortgage with the Montgomery County, Ohio Recorder on May 18, 2005, naming MERS as nominee for UWM, its successors and assigns.

Also on or about May 2, 2005, the Note was endorsed in blank without recourse by UWM. No assignment of mortgage was recorded evidencing the transfer of the Note by UWM.

On November 27, 2007 (the "Petition Date"), the Debtors filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code" or the "Code"). The Plaintiff was appointed Chapter 7 Trustee on that same day.

On February 28, 2008, MERS, "as nominee for United Wholesale Mortgage c/o Wells Fargo Bank, N.A.", filed a motion for relief from the automatic stay as to the Property.

On March 21, 2008, the Trustee initiated this adversary proceeding by filing and serving on UWM and Wells Fargo the Complaint.

UWM has not filed an answer to the Complaint or otherwise defended this adversary proceeding. As noted above, Wells Fargo moved to dismiss the Complaint.

## IV. *Allegations of the Complaint and Positions of the Parties*

Through Count I of the Complaint, the Trustee seeks to avoid the Mortgage based on his avoidance power under Code § 544(a)(3) as a hypothetical *bona fide* purchaser of real property, alleging that the

Mortgage was not properly assigned to the entity holding the Note as of the Petition Date, and particularly, that the assignment of the Mortgage was not recorded with the Montgomery County, Ohio Recorder as required by Ohio Revised Code ("O.R.C.") § 5301.25(A). In Count II, the Trustee seeks the disallowance of Wells Fargo's claim pursuant to 11 U.S.C. § 502(b), (d) and (j) and 11 U.S.C. § 105(a) on the basis of his avoidance of the Mortgage. In his memorandum, the Trustee also argues that Wells Fargo's claim should be disallowed for policy reasons relating to Wells Fargo's failure to properly record its interest as relates to this case and other cases and its failure to properly document its interest in this and other cases at the time it has sought relief from the bankruptcy stay provided by Bankruptcy Code § 362(a).

Wells Fargo has moved the court to dismiss the Complaint, arguing that the Trustee has failed to state a claim upon which relief can be granted for three reasons. First, Wells Fargo asserts that the Trustee cannot use his strong arm powers to avoid a duly recorded mortgage because a mortgage is not property of a mortgagor-debtor's bankruptcy estate. Second, Wells Fargo contends that, even if the Mortgage was property of the Debtors' bankruptcy estate, the Trustee is not a *bona fide* purchaser under Ohio law because he had constructive notice of the recorded mortgage. Finally, Wells Fargo maintains that the Ohio recording statute does not apply to mortgage assignments.

## V. *Legal Standard for Determining Motions to Dismiss*

Wells Fargo requests dismissal of the Complaint under Fed.R.Civ.P. 12(b)(6), incorporated in bankruptcy adversary proceedings by Fed. R. Bankr.P. 7012. Rule 12(b)(6) provides that a party may assert the defense of "failure to state a claim for which relief may be granted" by motion.

In determining a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accepting its allegations as true, and drawing all reasonable inferences in favor of the plaintiff. *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008); and *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.2007). However, in determining such a motion, a court need not accept as true legal conclusions or unwarranted factual inferences. *Id.*

The Supreme Court recently clarified the law concerning what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir.2007) (citing *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964–65 (citations and quotation marks omitted). In addition, the Supreme Court stated that while a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation and quotation marks omitted). The Sixth Circuit in *Cleveland Fire Fighters* stated that in so holding, the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard" of *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d at 548 (citing *Twombly,* 127 S.Ct. at 1969). *Spiekerman v. Village of Waynesville, Ohio,* 2008 WL 161364, at *1 (S.D.Ohio 2008).[1]

## VI. *Discussion*

### A. Plaintiff's First Cause of Action

#### 1. Trustee's Authority Under Code § 544 and *Bona Fide* Purchaser For Value Status

The gist of the Trustee's argument is that, under his strong arm powers pursuant to Bankruptcy Code § 544 as a *bona fide* purchaser for value, he may avoid the Mortgage held by Wells Fargo on account of the failure to record an assignment of the Mortgage. Accordingly, an analysis of the Trustee's powers under Code § 544 as applied to these facts is in order.

Bankruptcy Code § 544(a) provides in pertinent part as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

\* \* \*

(3) a *bona fide* purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a *bona fide* purchaser and has perfected

such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)(3).

 Thus, Bankruptcy Code § 544(a)(3) allows a trustee to avoid any transfer of property of a debtor or any obligation incurred by a debtor that would be voidable by a hypothetical *bona fide* purchaser of real property. *Simon v. Chase Manhattan Bank (In re Zaptocky),* 250 F.3d 1020,1023 (6th Cir.2001). Phrased a little differently, the Trustee is given the power of a *bona fide* purchaser for value if "a hypothetical buyer could have obtained a *bona fide* purchaser status." *Owen–Ames–Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.),* 997 F.2d 1158, 1159 (6th Cir.1993). State law applies in determining whether the Trustee is entitled to *bona fide* purchaser status in this proceeding. *Id* at 1159.

#### 2. Trustee's Status as a *Bona Fide* Purchaser for Value

The Trustee has not disputed the validity and enforceability of the Mortgage as originally recorded against the Property, nor that the Mortgage was perfected as originally filed with the Montgomery County, Ohio, Recorder. *See* Complaint, ¶ 14. The Trustee's argument is that Wells Fargo's position as a lien creditor is voidable because O.R.C. § 5301.25(A) requires that assignments of mortgages be recorded to protect those lien interests from avoidance by a *bona fide* purchaser of real property. *See* Complaint, ¶ 20. This argument requires an analysis of Ohio's statutes and case law regarding

---

**1.** Due to another Supreme Court decision decided two weeks after *Twombly, Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), the amount of specificity required in factual allegations in a com-

plaint remains unsettled in the Sixth Circuit. *In re Wentz,* 393 B.R. 545, 549 n. 1 (Bankr. S.D.Ohio 2008)(citing *United States v. Ford Motor Co.,* 532 F.3d 496, 502, n. 6 (2008)).

property interests created through mortgages and assignments of mortgages.

### a. Applicability of Ohio Law

 Property interests, including security interests and liens, are created and defined by state law. *Nobelman v. American Savings Bank*, 508 U.S. 324, 329, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993); *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); and *Corzin v. Fordu*, 201 F.3d 693, 700 (6th Cir. 1999). Thus, while what property is included in a debtor's bankruptcy estate is a federal bankruptcy question and rests upon the Bankruptcy Code, bankruptcy courts must look to state law to determine the existence and nature of a debtor's and bankruptcy estate's interests in property.

 In this case, since the Property is located in Ohio, Ohio law applies to determine the respective parties' interests in the Property, the Mortgage and any assignment of the Mortgage. *See Watson v. Kenlick Coal Co., Inc.*, 498 F.2d 1183, 1190 (6th Cir.1974).

### b. Ohio Mortgage Recording Statutes

 The court agrees with the Trustee that Ohio law provides for the recording of assignments of mortgages. First, Ohio Revised Code ("O.R.C.") § 5301.25 provides in pertinent part as follows:

(A) All deeds, land contracts referred to in division (A)(2)(b) of section 317.08 of the Revised Code, and instruments of writing properly executed for the conveyance or encumbrance of lands, tenements, or hereditaments, other than as provided in division (C) of this section and section 5301.23 of the Revised Code, shall be recorded in the office of the county recorder of the county in which the premises are situated. Until so recorded or filed for record, they are fraudulent insofar as they relate to a subsequent *bona fide* purchaser having, at the time of purchase, no knowledge of the existence of that former deed, land contract, or instrument.

O.R.C. § 5301.25(A).

The Trustee argues that a mortgage assignment is an instrument of writing executed for the conveyance or encumbrance of lands requiring that assignors or assignees of mortgages record assignments to be enforceable against *bona fide* purchasers of real property. Wells Fargo disputes this argument and contends that O.R.C. § 5301.25 does not apply to assignments of mortgages.

 However, looking solely to O.R.C. § 5301.25 to determine recording issues regarding assignments of mortgages in Ohio is insufficient. O.R.C §§ 5301.31 and 5301.32 are also instructive on such issues. O.R.C. § 5301.31 provides in pertinent part as follows:

Except in counties in which a separate instrument is required to assign or partially release a mortgage as described in section 5301.32 of the Revised Code, a mortgage may be assigned or partially released by the holder of the mortgage, by writing the assignment or partial release on the original mortgage or upon the margin of the record of the original mortgage and signing it. The assignment or partial release need not be acknowledged, but, if it is written upon the margin of the record of the original mortgage, the signing shall be attested by the county recorder. The assignment, whether it is upon the original mortgage, upon the margin of the record of the original mortgage, or by separate instrument, shall transfer not only the lien of the mortgage but also all interest in the land described in the mortgage.

O.R.C. § 5301.31. Thus, O.R.C. § 5301.31 authorizes the assignment and partial re-

lease of mortgages through notations on the margin of the original mortgage or record of the mortgage, and requires the attestation of the county recorder if it is noted on the margin of the record of the original mortgage. It is also significant to note that under O.R.C. § 5301.31, a mortgage assignment "shall transfer not only the lien of the mortgage but also all interest in the land described in the mortgage." This language indicates to the court that mortgage assignments are intended in Ohio to be "instruments of writing properly executed for the conveyance or encumbrance of lands" under O.R.C. § 5301.25.

While O.R.C § 5301.31 authorizes assignments and partial releases on the margin of mortgages, O.R.C. § 5301.32 authorizes such transactions through the recording of separate instruments. O.R.C. § 5301.32 provides in pertinent part as follows:

A mortgage may be assigned or partially released by a separate instrument of assignment or partial release, acknowledged as provided by section 5301.01 of the Revised Code. The separate instrument of assignment or partial release shall be recorded in the book provided by section 5301.34 of the Revised Code for the recording of satisfactions of mortgages ...

O.R.C. § 5301.32. Accordingly, whether noted on the margin of a mortgage and attested by the county recorder pursuant to O.R.C. § 5301.31 or evidenced through a separate written instrument pursuant to O.R.C. § 5301.32, the Ohio statutes governing assignments of mortgages require some form of filing of those assignments with county recorders' offices, i.e. recording of those assignments.

The conclusion that mortgage assignments are to be recorded in Ohio is supported by the decisions of the Ohio state courts. Thus, in *Pinney v. Merchants'*

*Nat'l Bank*, 71 Ohio St. 173, 72 N.E. 884 (1904), in discussing the predecessor to O.R.C. § 5301.32, the Ohio Supreme Court stated the following with respect to that provision:

What is the scope and purpose of this legislation? We think it is in furtherance of the purpose expressed by this court in *Coe v. Erb*, 59 Ohio St., 259, 52 N.E. 640, where it is said that the recording acts "rest upon a recognition of the policy that there shall somewhere be found a record which will disclose the state of the title of all lands within the county. For conveyances, mortgages, leases, etc., resort is had to the office of the county recorder," etc. * * * "The business public, therefore, has a high interest in the maintenance of such a system as will enable every person, by the ordinary inquiry, that is an examination of the records, to ascertain the condition of titles."

*Id.* at 182, 72 N.E. 884. Further, in *Conklin v. Tyler*, 24 Ohio Dec. 511 (Wood Co. C.P.1912), the court, citing Pinney, stated:

Prior to the amendment of the recording act in 1888, no provision was made for recording assignments of mortgages, but by that amendment, now Sec. 8546 G. C., such assignments are recordable instruments. There was some purpose in making this change in the statute. The only one perceivable is that it was to afford notice, either actual or constructive, to intending purchasers as to the holder of the encumbrance—a recognition of an assignment of a mortgage as an instrument affecting title, and one necessary to be disclosed by the record if the assignee would protect his right and title to the mortgage security against subsequent *bona fide* purchasers and encumbrancers. It seems to me that such an assignment falls properly

within the category of an "instrument in writing for the encumbrance of lands." *Id.See also In re Foreclosure Cases*, 2007 WL 3232430, at \*2 (N.D.Ohio 2007); *Fifth Third Bank v. NCS Mtg. Lending Co.*, 168 Ohio App.3d 413, 417, 860 N.E.2d 785 (Ohio Ct.App.2006); and *Creager v. Anderson*, 16 Ohio L. Abs. 400, 1934 WL 1642, at \*5 (Ohio Ct.App.1934).[2]

### 3. Effect of Failure to Record an Assignment of Mortgage in Ohio

However, concluding that assignments of mortgages are to be recorded in Ohio does not end the inquiry in this proceeding. This court must now determine the effect of not recording a mortgage assignment in Ohio as relates to the particular facts of this proceeding. The Trustee's position is that the failure to record an assignment of a mortgage in Ohio allows the Trustee as a *bona fide* purchaser to void the mortgage lien held by the assignee of the mortgage. The court does not agree.

■ In order to reach the Trustee's conclusion that a *bona fide* purchaser can avoid the mortgage lien held by an assignee of a mortgage when that assignment is not recorded, one must conclude that the failure to record the assignment of the mortgage terminates or extinguishes the underlying mortgage and the lien of the underlying mortgage. A careful review and analysis of Ohio law establish the contrary.

■ The Ohio recording statutes applicable to assignments of mortgages are "in-

---

**2.** Wells Fargo argues that O.R.C. § 5301.25 does not apply to assignments of mortgages because, according to Wells Fargo, this section only applies to deeds, land contracts and instruments in writing for the conveyance or encumbrance of lands and that an assignment of mortgage is none of the above cited instruments. Motion to Dismiss, p. 25. Wells Fargo further argues that because O.R.C. § 5301.32 specifically addresses assignments of mortgages, under traditional principles of statutory interpretation, O.R.C. § 5301.32 must be read to exclude assignments of mortgage from the scope of O.R.C. § 5301.25. *Id.* The import of the distinction between these two sections is significant for Wells Fargo, because, although both sections require that an assignment be recorded, only O.R.C. § 5301.25 makes unrecorded documents subject to the rights of a *bona fide* purchaser. The court does not read O.R.C. § 5301.32 to exclude assignments from the purview of O.R.C. § 5301.25. The court reads O.R.C. § 5301.32 as setting forth the requirements that need to be met when an assignment (or partial release) of a mortgage is effectuated by a separate instrument and not by writing the assignment on the original mortgage or on the margin of the record thereof as provided by O.R.C. § 5301.31. "O.R.C § 5301.32 permits the partial release or assignment of a mortgage by a separate instrument but requires that the instrument be recorded." *Mid*

*American National Bank & Trust Co. v. Comte*, 1996 WL 549249, at \*2 (Ohio Ct.App.1996) (unreported); *see also Hurd v. Schulholz*, 1986 WL 8913, at \*3 (Ohio Ct.App.1986) ("That statute requires that when a separate instrument from the original mortgage is being used to partially release an existing mortgage, it must be signed and acknowledged as required by R.C. 5301.01. This statute reflects an expression of the General Assembly's intent that when a subsequent instrument is executed and presented for recording, and it is intended to alter or cancel a prior, yet distinct instrument already on record, the latter instrument must be of equal solemnity to the former."). O.R.C. § 5301.32 is one of the Ohio Code sections that address the different manners in which a mortgage can be assigned. *See also* O.R.C. §§ 5301.28 and 5301.31. This court has found no Ohio precedent that has interpreted O.R.C. §§ 5301.25 and 5301.32 to be inconsistent with each other. Quite to the contrary, as previously noted in this decision, it is a long standing principle of Ohio law that "an assignment of a mortgage is an instrument in writing executed for the encumbrance of land." *Smith v. Klein*, 1979 WL 207576, at \*2 (Ohio Ct.App.1979) (unreported) (citing *Conklin v. Tyler*, 13 Ohio N.P. (n.s.) 441 (1912) Aff'd 20 Ohio C.C. (n.s.) 133 (1912)); *Fifth Third Bank v. NCS Mtg. Lending Co.*, 168 Ohio App.3d 413, 860 N.E.2d 785 (Ohio Ct.App.2006).

tended to govern priorities between lenders, not the validity of the liens." *Martin v. Select Portfolio Serving Holding Corporation,* 2008 WL 618788 at *5 (S.D.Ohio 2008). As the Ohio 12th District Court of Appeals explained:

> R.C. § 5301.25 does not invalidate an assignment that has not been recorded. The recording statute deems such an assignment for the encumbrance of land as fraudulent 'so far as it related to a subsequent *bona fide* purchaser' who, at the time of purchase, has no knowledge of the existence of an encumbrance on the land.... The recording statute is meant to protect innocent subsequent *bona fide* purchasers of land who have no knowledge of any encumbrances. The statute does not release the mortgage obligation of the original mortgagor's estate or heirs.

*Wead v. Lutz,* 161 Ohio App.3d 580, 586, 831 N.E.2d 482 (2005). In *Wead,* the court noted that "the issue of when the mortgage assignment was recorded becomes relevant only to the extent of establishing creditor priority and subsequent notice to a *bona fide* purchaser of the land. The validity of the mortgage itself remains unaffected by the timing of the assignment's recordation." *Id.* at 584, 831 N.E.2d 482.

As the Trustee has noted, Ohio courts have recognized in specific cases that the failure to record an assignment of a mortgage can result in the lien holder's loss of its lien rights. However, all of the cases cited by the Trustee in support of the foregoing proposition involved circumstances in which either the record title of the land did not reflect the mortgage because the county records showed that the mortgage had been released, or the underlying mortgage had been extinguished through a mortgage foreclosure action in which the record holder of mortgage was properly served. For example, in *Pinney,* the Ohio Supreme Court held that a *bona fide* purchaser for value at a foreclosure sale takes the property free and clear of a junior mortgage on the property held by an assignee of the mortgage when the assignee fails to record the assignment and the mortgage holder of record, having been properly served with the foreclosure complaint, fails to answer or otherwise plead to the complaint. *Pinney v. Merchants' Nat'l Bank,* 71 Ohio St. at 180, 72 N.E. 884. The court did not premise its determination upon the conclusion that the failure to record the assignment voided or extinguished the mortgage. Rather, in emphasizing that the purpose of the recording statutes is to give notice to the world of interests in the land, the court observed that its ruling was "the application of an equitable principle that where one of two innocent parties must suffer, the loss should fall upon who has, by his negligence, permitted one to repose confidence in a public record which fails to speak the whole truth." *Id.* at 180, 72 N.E. 884.

Similarly, in *Fifth Third Bank v. NCS Mtg. Lending Co.,* 168 Ohio App.3d 413, 860 N.E.2d 785 (Ohio Ct.App.2006), the court denied a bank leave to file an answer in a case after default judgment had been granted against the assignor of that bank's mortgage on the ground that one must record its mortgage interest or else risk not being notified and not being made a party to an action concerning the property. *Id.See also Wagner v. Bank One, Athens, N.A.,* 1995 WL 761301(Ohio Ct.App.1995) (unreported).

The Trustee also cites *In re Ochmanek,* 266 B.R. 114 (Bankr.N.D.Ohio 2000) and *In re Foreclosure Cases,* 2007 WL 3232430, at *2 (N.D.Ohio Oct.31, 2007) in support of his argument that the failure to record an assignment of a mortgage voids

the mortgage. In *Ochmanek*, the court reiterated the long standing proposition that under Ohio law, before an entity assigned an interest in real property will be entitled to receive a distribution from the proceeds of the sale of the property, such entity's interest must have been recorded in accordance with O.R.C. § 5301.25. *Id.* at 121. In *In re Foreclosure Cases*, the District Court for the Northern District of Ohio dismissed without prejudice numerous foreclosure complaints because the plaintiffs did not satisfy the burden of demonstrating that they had standing at the time of filing of the complaints where the complaints identified unrecorded assignees of the original notes and mortgages as the plaintiffs whereas the documents attached to the complaints only identified the original holders of the notes and mortgages. *Id.*

 These cases cited by the Trustee do not stand for the proposition that an unrecorded assignment of mortgage voids the mortgage. They only "address the issue of competing creditors and the underlying purpose of the recording statutes, namely to provide notice of the real condition of the land with respect to encumbrances to all interested." *Wead v. Lutz*, 161 Ohio App.3d at 585, 831 N.E.2d 482 (internal citations omitted). As aptly stated by the court in *Wead*, "there is no statutory basis that suggests [the Trustee] should be permitted to improve his legal position on the basis of whether the mortgage assignment was recorded. The recording statute is meant to protect innocent, subsequent *bona fide* purchasers of land who have no knowledge of any encumbrances. The statute does not release the mortgage obligation of the original

mortgagor's estate ..." [3] *Id.* at 586, 831 N.E.2d 482. In this proceeding, the Trustee had constructive notice of the Mortgage by virtue of its having been recorded. *See* Complaint, ¶ 14. Therefore, as explained more fully below, the Trustee cannot attain the status of a *bona fide* purchaser under Ohio law.

 Under Ohio law, "a *bona fide* purchaser is one who takes property 1) for valuable consideration, 2) in good faith, and 3) absent notice of adverse claims." *Groza–Vance v. Vance*, 162 Ohio App.3d 510, 526, 834 N.E.2d 15 (2005) (citation and quotation marks omitted). While it is well established that actual knowledge is irrelevant to a trustee's status as a *bona fide* purchaser, the Bankruptcy Code strong arm clause does not immunize a trustee who has constructive knowledge of a prior mortgage. *Zaptocky*, 250 F.3d at 1027; *Mich. Lithographing Co.*, 997 F.2d at 1159. Accordingly, the Trustee can avoid the Mortgage only if, as of the commencement of the case, he did not possess constructive knowledge of the Mortgage as defined by Ohio law.

 The doctrine of constructive knowledge under Ohio law encompasses two distinct rules as it relates to *bona fide* purchasers of real property.

The first rule is the "common law" or "equitable" rule that a purchaser will be charged with knowledge of a previous encumbrance upon real property when he has knowledge of facts which would induce a prudent person to make an inquiry by which he would have or could have obtained knowledge of the prior encumbrance. Such a person is deemed to have actual knowledge as a result of

---

**3.** This court in *Gemini Services, Inc. v. Mortgage Electronic Registration Systems, Inc. (In re Gemini Services, Inc.)*, 350 B.R. 74, 84 (Bankr.S.D.Ohio 2006) previously noted that it had found no precedent under Ohio law that voids a mortgage because of a defect in an assignment.

having "constructive" or "implied" knowledge, is not a bona-fide purchaser and takes the property subject to the prior encumbrance. This equitable constructive-notice rule, however, has only been applied in Ohio in the absence of a recording statute.

The second rule is that the proper recording of those instruments referenced in R.C. 5301.25(A) serves as "constructive" notice of that interest or encumbrance to all who claim through or under the grantor by whom such deed was executed. Such notice, in this statutory sense, is "constructive" because the subsequent purchaser is deemed to have notice of the record whether he reviewed it or not.

... The reference, therefore, to "constructive knowledge" ... is to the rule that a record serves as constructive knowledge, not the equitable rule that actual knowledge will be implied from knowledge of facts outside the title record which induces inquiry.

As to what constitutes the record for purposes of constructive notice pursuant to R.C. 5301.25(A), three rules that are pertinent to the issues herein have been developed by our courts:(1) a subsequent purchaser of land is charged with constructive knowledge of the contents of an instrument recorded under R.C. 5301.25(A) "only as, in the process of tracing, link by link, his chain of title on the record, necessarily pas 07–35191s

under his inspection." (Emphasis added.); (2) The "contents" of such a recorded instrument include recitals or disclosures therein as to outstanding rights in the property even though not created by that instrument; and (3) Instruments that are not entitled to be recorded or that are defectively executed, such as has not been acknowledged by two witnesses as prescribed in R.C. 5301.01, do not serve as constructive notice to a subsequent purchaser even though recorded.

*Thames v. Asia's Janitorial Serv., Inc.*, 81 Ohio App.3d 579, 587–588, 611 N.E.2d 948, (1992) (internal citations omitted).

█ In this instance, the Trustee acknowledges that the Mortgage was filed for record on May 18, 2005. *See* Complaint, ¶ 14. Further, the Trustee has made no allegations of fraud, that the Mortgage did not comply with the formality requirements set forth in O.R.C. § 5301.01, that the Mortgage was improperly recorded or has been released.[4] Based on these facts, under Ohio law, the Trustee cannot acquire *bona fide* purchaser status as required by 11 U.S.C. § 544(a)(3) to enable him to avoid the Mortgage. Therefore, the Trustee will take subject to the Mortgage despite the failure to record an assignment of that Mortgage for the benefit of the current holder of the Note. *See Gemini*, 350 B.R. at 84 ("Absent fraud, or other circum-

---

**4.** Cases under Ohio law abound invalidating mortgages for technical deficiencies in the perfection of such mortgages. *See e.g., Menninger v. Mortgage Electronic Registration System (In re Bowling)*, 314 B.R. 127 (Bankr. S.D.Ohio 2004) (defective notary acknowledgment subjects a mortgage to a Chapter 7 trustee's avoidance power under Code § 544(a)(3)); *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020 (6th Cir.2001) (Chapter 7 trustee was entitled to avoid a mortgage not executed in the pres-

ence of two witnesses as required under Ohio law). *Logan v. Universal 1 Credit Union, Inc. (In re Bozman)*, 365 B.R. 824 (Bankr. S.D.Ohio 2007) (Under Ohio law, notary's signature and seal, without additional language, was insufficient to constitute acknowledgment for execution of mortgage, and thus Chapter 7 trustee was entitled to avoid mortgage as subsequent *bona fide* purchaser, even though notary wrote his name and included his commission information in area of mortgage designated for acknowledgment).

stances not present in this adversary proceeding, the court cannot invalidate the mortgage which was originally recorded.... Under a hypothetical *bona fide* purchaser analysis, the purchaser would clearly be on clear notice that the property was encumbered.").

 Last but not least, the Trustee as a *bona fide* purchaser can only avoid those transfers of property interests that would be voidable by a *bona fide* purchaser of the Debtors' Property. Only a transfer of the Debtors' interests or an obligation of the Debtors can be avoided by the Trustee using his strong arm powers. *See* 11 U.S.C. § 544(a) and *Kapila v. Atlantic Mort. & Inv Corp. (In re Halabi)*, 184 F.3d 1335, 1337 (11th Cir.1999). Through the effectuation of the assignment of the Mortgage, the Debtors transferred nothing themselves and no property interests of the Debtors were transferred. What the assignment of the Mortgage conveyed is the Mortgage itself and the rights and interests under that Mortgage from one creditor to another creditor—not property interests of the Debtors. The language of O.R.C. § 5301.31 stating that assignments of mortgages "transfer not only the lien of the mortgage but also all interest in the land described in the mortgage", can only mean that any lien held by the assignor and all interests of the assignor in the land reflected by that lien are transferred through the assignment-as the property owner, in this case the Debtors, are not joining in that assignment and therefore cannot be conveying any of their own interests in the property. Consequently, after the original grant by the mortgagor to the mortgagee has been properly perfected, the mortgagee's subsequent assignment of the mortgage does not constitute a transfer of the debtor's property. *In re Halabi,* 184 F.3d at 1337. *See also Rogan v. Bank One, N.A. (In re Cook)*, 457 F.3d 561, 568 (6th Cir.2006).

In *Halabi,* the bankruptcy trustee made the same arguments as the Trustee in this proceeding. The Eleventh Circuit sustained the district court's affirmance of the bankruptcy court which held that the trustee's strong arm powers, and particularly his power as a *bona fide* purchaser under Code § 544(a)(3), did not reach assignments of mortgages once the underlying mortgage was properly perfected. *See Halabi,* 184 F.3d at 1337. In *Cook,* the Sixth Circuit, citing *Halabi,* found that the post-petition recording of a mortgage assignment did not violate the automatic stay because it was not property of the debtor-mortgagor's estate and only involved the mortgagee's interest in the mortgage. *In re Cook,* 457 F.3d at 568.

The Trustee distinguishes *Halabi* and *Cook* on the basis that neither case involved the application of Ohio law. In particular, the Trustee points out that the Florida recording statute expressly states that the assignment statute governs priority among competing creditors and that Kentucky law only requires mortgages, not assignment of mortgages, to be recorded[5]. For the reasons discussed above and below, the court does not believe that the application of Ohio law warrants a different outcome or calls for a different conclusion in this proceeding.

At the outset, the court notes that the Trustee's arguments with respect to *Halabi* and *Cook* ignore the fact that the find-

---

**5.** The Florida recording statutes provides

(1) No assignment of a mortgage upon real property or of any interest therein, shall be good or effectual in law or equity against creditors or subsequent purchasers, for valu-

able consideration, and without notice, unless the assignment is contained in a document which, in its title indicates an assignment and is recorded according to law. Fla. Stat. § 701.02.

ing that a perfected mortgage interest is not property of a debtor-mortgagor's estate—a matter of federal law—was just as significant to the courts' decision in each of those cases as the impact of the respective state recording statutes was. *See Halabi*, 184 F.3d at 1337; *Cook*, 457 F.3d at 568. Further, the Trustee's argument with regard to the language of the Florida recording statute ignores the interpretation that Ohio courts have given to the applicable Ohio recording statutes discussed above—that they apply to priorities between creditors and *bona fide* purchasers. Ohio courts' interpretation of the recording statutes is fully consistent with the plain language of the Florida statute which expressly states that mortgage assignments must be recorded in order to be "good and effectual in law and equity against creditors or subsequent purchasers." Fla. Stat. § 701.02.

4. The Holder of the Mortgage Holds the Mortgage in Trust for the Benefit of the Holder of the Note and Any Separation between the Holder of the Mortgage and the Holder of the Note Does not Impact the Enforceability of the Note or the Mortgage.

The court also notes that, in his Response, the Trustee claims that Wells Fargo no longer holds the Note and the Mortgage and that those are now owned by a securitization trust, which did not record any assignment of the Note or the Mortgage. Even if true, those allegations, alone, would not be enough to enable the Trustee to avoid the Mortgage. In *Gemini*, this court found that Code § 544 did not permit a debtor to avoid a mortgage held by MERS, as agent for the note holder who did not hold an assignment of the mortgage. *Gemini*, 350 B.R. at 82. The *Gemini* court explained that it is an old principle that, under Ohio law, "[a] mortgage is ... a mere incident [of the

debt] and an assignment of such incident will ... not carry with it a transfer of the debt. On the other hand, a transfer of the note by the owner, so as to vest legal title in the indorsee, will carry with it equitable ownership of the mortgage." *Id.* at 81 (internal citations omitted). The *Gemini* court continued:

> "Being but an incident of the debt, the mortgage remains, until foreclosure or possession taken, in the nature of a chose in action. When given to secure a note, it has no determinative value apart from the note, and, as distinct from them, is not a fit subject for assignment. And, where the notes are legally transferred, the mortgagee and all claiming under him, will hold the mortgaged property in trust for the holder of the notes." *Id.*

For purposes of mortgage avoidance, it is irrelevant whether Wells Fargo or a third party holds the Note. The Mortgage was properly recorded in favor of MERS, as agent for UWM, its successors and assigns. MERS holds the legal interest in the Mortgage, as agent for the Note holder, whomever it may be, who, under Ohio law, because security follows the debt, holds the equitable title thereto. *Gemini*, 350 B.R. at 82.

In summary, the failure of Wells Fargo—or any other holder of the Note-to record an assignment of the Mortgage does not affect the validity of the Mortgage granted by the Debtors to UWM on May 2, 2005 and recorded on May 18, 2005 and of which the Trustee had constructive notice. It follows that the Trustee cannot avoid the Mortgage. Consequently, because the Trustee cannot avoid the Mortgage, he cannot recover the Property for the benefit of the estate pursuant to Code § 550. The court, therefore, cannot find, even if accepting all of the allegations of

the Complaint as true, that the Trustee can prove any set of facts in support of his first cause of action that would entitle him to relief. It shall therefore dismiss the Trustee's First Cause of Action.[6]

### B. Plaintiff's Second Cause of Action

In his Second Cause of Action, the Trustee seeks disallowance of Wells Fargo's claims pursuant to 11 U.S.C. §§ 502(b), (d) and (j) and 11 U.S.C. § 105(a) on account of the allegations of his First Cause of Action. Thus, the Trustee argues that because he can avoid the Mortgage pursuant to his strong arm power under Code § 544(a)(3), any of said Defendants' claims should be disallowed.

Section 502(b) sets forth the various grounds upon which a claim that has been objected to by a party in interest may be disallowed. 11 U.S.C. § 502(b). Because the Trustee does not cite to any particular subsection of § 502(b), the court will construe the Trustee's claim as relying on subsection 502(b)(1) of the Code which requires that a claim be disallowed to the extent that such claim is unenforceable against the debtor or property of the debtor. 11 U.S.C. § 502(b)(1).

■ The Trustee's Second Cause of Action must be dismissed based on the court's earlier determination that the Trustee cannot avoid the Mortgage. However, dismissal of the Trustee's Second Cause of Action is without prejudice to the Trustee's ability to object under Code § 502 and the Bankruptcy Rules of Procedure to any proof of claim filed by Wells Fargo or any other party claiming to be a creditor of the Debtors in connection with the Note on grounds not determined through this adversary proceeding.

Despite the court's dismissal of the Trustee's Second Cause of Action for the foregoing reasons, it will briefly address the Trustee's other arguments made in his memorandum relating to the Second Cause of Action.

In his Response and beyond any allegations that he had brought in the Complaint, the Trustee contends that Wells Fargo has made it a practice to mislead courts by representing to these courts that it is the holder of notes and mortgages in foreclosure actions when, in fact it is not, and that those alleged misrepresentations, the ones in this case as well as in the other cases, justify disallowance of Wells Fargo's claim in the instant case. In support of this argument, the Trustee cites to several cases where courts sanctioned Wells Fargo for its conduct. *See e.g., Nosek v. Ameriquest Mortgage Company (In re Nosek),* 386 B.R. 374 (Bankr.D.Mass.2008) (the court imposed sanctions under Rule 9011 on Wells Fargo and its attorney for repeatedly misrepresenting to the bankruptcy court that Wells Fargo was the holder of a note and a mortgage when in fact it was not.); and *Jones v. Wells Fargo Home Mortgage (In re Jones),* 366 B.R. 584 (Bankr.E.D.La.2007) (the court determined that Wells Fargo violated the automatic stay by assessing and paying for undisclosed charges from estate property after confirmation and that it would con-

---

**6.** The Trustee named both UWM and Wells Fargo as defendants to this adversary proceeding. As previously noted, UWM has not filed an answer or otherwise appeared in this adversary proceeding. However, in disposing of the claims against Wells Fargo, the court is also disposing of any claims against UWM through this decision and its accompanying order since: a) the allegations and relief sought against UWM, i.e. avoidance of the Mortgage on the basis of the failure to record an assignment of the Mortgage, are the same; b) Wells Fargo alleges to be the successor in interest to UWM under the Note and Mortgage; and c) the court's findings and conclusions are not adverse to UWM.

sider an award for sanctions against Wells Fargo at a separate hearing.). These cases, however, do not address the issue of whether Wells Fargo's conduct could form the basis for disallowing a claim it may have. Further, however egregious Wells Fargo's conduct may have been in other cases, it is an issue that is irrelevant to the adversary proceeding before this court, which adversary proceeding seeks to avoid a mortgage based on the Trustee's strong arm powers.

The Trustee also makes several public policy arguments as to why requiring a plaintiff to establish standing furthers the public interest and preserves the integrity of the bankruptcy process. While this court appreciates the Trustee's concerns, these claims are simply not before the court today.[7]

Based on the foregoing, the Trustee's second cause of action is dismissed.

## VII. *Conclusion*

For the foregoing reasons, the court concludes that the Trustee has failed to state a claim upon which relief can be granted and grants Wells Fargo's Motion to Dismiss. A separate Order will be entered by the court dismissing this adversary proceeding in accordance with this decision.

---

7. The Trustee asserted lack of standing as a basis to his objection to a motion for relief from stay filed in the estate case by Wells Fargo. However, that motion was withdrawn. Should Wells Fargo or any other party claiming to hold the Note or Mortgage choose to file another motion for relief from stay, the court would then consider any objection of the Trustee to such motion based on lack of standing.