[Cite as *In re Estate of Griffa*, 2012-Ohio-904.]

STATE OF OHIO      )                    IN THE COURT OF APPEALS
                           )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

IN RE:  ESTATE OF WILMA L. GRIFFA        C.A. No.       25987

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.      2011 ES 535

DECISION AND JOURNAL ENTRY

Dated: March 7, 2012

CARR, Presiding Judge.

{¶1}   Appellant, David Goodspeed, appeals from an order in the Summit County Probate Court.  We dismiss the appeal as Goodspeed does not appeal from a final, appealable order.

I.

{¶2}   This matter concerns the estate of Wilma L. Griffa, who passed away on April 6, 2011.  On May 25, 2011, Ms. Griffa's grandson, David Goodspeed, filed an application for authority to administer her estate in probate court based on the language of Ms. Griffa's will.  On the same day, Dave Goodspeed, Ms. Griffa's great grandson and David Goodspeed's son, filed his own application for authority to administer the estate.  The trial court subsequently set the matter for hearing on June 10, 2011.

{¶3}   On June 3, 2011, David Goodspeed filed a motion to dismiss Dave Goodspeed's application for authority to administer the estate, arguing that Dave Goodspeed's application was

not properly before the court because it was not served upon the attorney of record in compliance with the civil rules, and there was no compliance with the mandates of R.C. 2113.07, which require notice to those interested persons who have not waived notice. The probate court held a hearing on the matter on June 10, 2011. On June 15, 2011, the trial court issued a journal entry denying David Goodspeed's motion to dismiss. The trial court issued a second journal entry on June 15, 2011, concluding that Ms. Griffa intended for her great grandson, Dave Goodspeed, to be the sole beneficiary of her probate estate, and also to be the executor of her will.

{¶4} On June 20, 2011, David Goodspeed filed his notice of appeal from the trial court's June 15, 2011 order that denied his motion to dismiss. On appeal, David Goodspeed raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED BY NOT STRIKING OR DISMISSING THE APPELLEE'S APPLICATION FOR AUTHORITY TO ADMINISTER THE ESTATE FOR APPELLEE'S FAILURE TO COMPLY WITH THE CIVIL RULES AND THE STATUTE'S MANDATORY REQUIREMENTS FOR NOTICE TO AFFECTED PARTIES.

{¶5} In his sole assignment of error, David Goodspeed appeals the trial court's denial of his motion to dismiss Dave Goodspeed's application for authority to administer the estate.

{¶6} On June 29, 2011, this Court issued a magistrate's order indicating that it was unclear if the order denying David Goodspeed's motion to dismiss Dave Goodspeed's application was final and appealable under R.C. 2505.02. This Court ordered the parties to file responses explaining whether the appeal should be dismissed for lack of a final, appealable order. On July 22, 2011, Dave Goodspeed filed a motion to dismiss the appeal with a memorandum in support. Dave Goodspeed argued that while an order ruling on a motion to

remove an executor might be appealable, a motion merely appointing an executor was not. Also on July 22, 2011, David Goodspeed filed a response to the magistrate's order arguing that the probate court's order came from a special proceeding and affected a substantial right. On August 11, 2011, this Court issued a journal entry denying the motion to dismiss, but noted that the Court may revisit the issue at a later time.

{¶7} Any analysis of whether a trial court's order is appealable must begin with R.C. 2505.02(B), which states, in a pertinent part:

> (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
>
> ***
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶8} The term "special proceeding" is defined as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2). Generally, proceedings relating to the administration of estates have historically been treated as special proceedings. *In re Estate of DePugh v. DePugh*, 2d Dist. No. 94 CA 43, 1995 WL 136996 (March 31, 1995), citing *Polikoff v. Adam*, 67 Ohio St.3d 100 (1993). *See, also, Wead v. Lutz*, 161 Ohio App.3d 580, 2005-Ohio-2921, at ¶ 13 (12th Dist.), citing *In re Estate of Lilley*, 12th Dist. Nos. CA99-07-083, CA99-07-084, CA99-07-087, and CA99-07-088, 1999 WL 1239470 (Dec. 20, 1999). Some appellate districts in Ohio have taken the position that probate proceedings are not special proceedings under R.C. 2505.02(B). *See In re Estate of Sneed*, 166 Ohio App.3d 595, 2006-Ohio-1868, at ¶ 11 (6th Dist.).

{¶9} In order to be appealable, the probate court's order must not only be made in a special proceeding, but must also affect a substantial right. R.C. 2505.02(A)(1) states that a "substantial right" is "a right that the United States Constitution, the Ohio Constitution, a statute,

the common law, or a rule of procedure entitles a person to enforce or protect." In *Bell v. Mt. Sinai Med. Ctr*, 67 Ohio St.3d 60, 63 (1993), the Supreme Court of Ohio addressed the standard for determining when a substantial right is affected. It stated that "[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Id*. In applying the Supreme Court's holding in *Bell* to a scenario where a party appealed from an order appointing the executor of an estate, the Fourth District concluded that an entry appointing an executor is not a final order as it does not foreclose the party's ability to appeal from a probate court's decision to grant or deny a motion to remove an executor. *In re Estate of Slavens*, 4th Dist. No. 06CA11, 2006-Ohio-6699, at ¶ 9.

{¶10} The Supreme Court of Ohio has stated that, "[i]n the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator." *Oliver v. Bank One, Dayton, N.A.*, 60 Ohio St.3d 32, 34 (1991). This Court has held that "[a] testator has the right to name his or her fiduciary and the law is very protective of a testator's choice." *In re Estate of Horton*, 9th Dist. Nos. 20695, 20741, 2002 WL 465428 (Mar. 27, 2002), citing *In re Estate of Nagle*, 40 Ohio App.2d 40 (4th Dist.1974). The primary responsibility of the executor is to execute the testator's will in such a manner that the persons entitled to his or her assets receive them in a timely manner. *Reinhard v. Peck*, 159 Ohio St. 116, 121 (1953). Should the executor fail to dutifully carry out this responsibility, the legislature has set forth a mechanism for removal of an executor pursuant to R.C. 2113.18. While an order granting or denying a motion to remove an executor would affect a substantial right created by statute, an order appointing an executor does not impact "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Here, David Goodspeed has not appealed from an order

granting or denying a motion to remove an executor. David Goodspeed filed his notice of appeal immediately after the trial court denied his motion to dismiss and appointed Dave Goodspeed the executor of Ms. Griffa's estate. In his notice of appeal, David Goodspeed indicated that he intended to appeal "from the order denying the motion to dismiss." As it stands, a motion to remove the executor pursuant to R.C. 2113.18 has not been filed in this case. It follows that the order from which David Goodspeed appeals does not impact a substantial right. *See Slavens* at ¶ 9. For the forgoing reasons, the appeal is dismissed.

## III.

**{¶11}** The journal entry from which David Goodspeed appeals is not a final, appealable order. The appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

DICKINSON, J.
BELFANCE, J.
CONCUR.


APPEARANCES:

WILLIAM E. LOVE, II, Attorney at Law, for Appellant.

CHRIS T. NOLAN and STEPHEN M. GRACHANIN, Attorneys at Law, for Appellee.