[Cite as *In re Estate of Thomas*, 2014-Ohio-3481.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

IN RE: ESTATE OF LEANNA THOMAS

C.A. No.     27177

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     2013-ES-527

DECISION AND JOURNAL ENTRY

Dated: August 13, 2014

MOORE, Judge.

{¶1}   Appellant, David Thomas, appeals from the November 5, 2013 judgment entry of the Summit County Court of Common Pleas, Probate Division.  For the reasons that follow, we dismiss the appeal.

I.

{¶2}   This matter arises from two competing applications to administer the estate of Ms. Leanna Thomas, filed by her sons, Appellee, Marvin Thomas, and David Thomas.  A magistrate of the trial court held a hearing on the applications, and after taking testimony from several witnesses, issued a decision appointing Marvin Thomas as the administrator of his Mother's estate.  David Thomas objected to the magistrate's decision, and the trial court overruled his objections, stating:

* * *

As a threshold matter, [David] Thomas does not meet the requirements for objecting to the magistrate's decision under Civ.R. 53.  [David] Thomas failed to provide a copy of the transcript to the [c]ourt with his objection.  Likewise,

[David] Thomas failed to claim that the transcript is unavailable thereby substituting an affidavit of the evidence in his [o]bjection to the [m]agistrate's [d]ecision.

A party's objection must be "specific and state with particularity [all] grounds [for] objection." Civ.R. 53 [(D)(3)(b)(ii)]. * * * The [c]ourt is unable to discern with any specificity exactly what [David] Thomas' objections are, just that they appear to be based on his rendition of various facts rather than legal in nature. Because [David] Thomas did not properly raise his objections, the [c]ourt is not required to review them.

* * *

In a separate entry, the trial court adopted the magistrate's decision, and appointed Marvin Thomas as administrator.

{¶3} David Thomas appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE [TRIAL COURT] ERRED BY IGNORING [DAVID THOMAS'] QUALIFICATIONS TO BE THE ADMINISTRATOR OF THE ESTATE OF [HIS] MOTHER, [MS.] LEANNA THOMAS.

{¶4} This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). We only have jurisdiction to hear appeals from final judgments. Ohio Constitution, Article IV, Section 3(B)(2); R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 WL 109108, *1 (Jan. 26, 2000).

{¶5} An analysis of whether a trial court's order is appealable must begin with R.C. 2505.02, which states, in relevant part, that:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

* * *

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]

{¶6} "The term 'special proceeding' is defined as 'an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.'" *In re Estate of Griffa*, 9th Dist. Summit No. 25987, 2012-Ohio-904, ¶ 8, quoting R.C. 2505.02(A)(2). Historically, "proceedings relating to the administration of estates have * * * been treated as special proceedings." *Griffa* at ¶ 8, citing *In re Estate of DePugh v. DePugh*, 2d Dist. Miami No. 94 CA 43, 1995 WL 136996 (Mar. 31, 1995), citing *Polikoff v. Adam*, 67 Ohio St.3d 100 (1993). *See also Wead v. Lutz*, 161 Ohio App.3d 580, 2005-Ohio-2921, ¶ 13 (12th Dist.), citing *In re Estate of Lilley*, 12th Dist. Warren Nos. CA99-07-083, CA99-07-084, CA99-07-087, and CA99-07-088, 1999 WL 1239470 (Dec. 20, 1999). However, "other appellate districts in Ohio have taken the position that probate proceedings are not special proceedings under R.C. 2505.02(B)." *Griffa* at ¶ 8, citing *In re Estate of Sneed*, 166 Ohio App.3d 595, 2006-Ohio-1868, ¶ 11 (6th Dist.).

{¶7} "In order to be appealable, the probate court's order must not only be made in a special proceeding, but must also affect a substantial right." *Griffa* at ¶ 9. "R.C. 2505.02(A)(1) states that a 'substantial right' is 'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.'" *Id*. "In *Bell v. Mt. Sinai Med. Ctr*[.], 67 Ohio St.3d 60, 63 (1993), the Supreme Court of Ohio addressed the standard for determining when a substantial right is affected." *Id*. The Court stated that "[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell* at 63.

{¶8} In *Griffa* at ¶ 3,10, this Court concluded that an order denying a motion to dismiss an application to administer an estate, and *appointing* an executor of the estate, "does not impact

'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect.'" Quoting R.C. 2505.02(A)(1). Additionally, we stated that "an order granting or denying a motion to remove an executor *would* affect a substantial right created by statute[.]" (Emphasis added.)  *Griffa* at ¶ 10, citing R.C. 2113.18; *see also* R.C. 2109.24.

{¶9}  Here, David Thomas is appealing from an order appointing his brother as the administrator of their Mother's estate.  Similar to *Griffa*, the trial court's ruling does not affect David Thomas' substantial rights, and would not foreclose him from taking future action should Marvin Thomas breach his fiduciary duty to the estate.  *See Bell* at 63; *see also* R.C. 2109.24 (allowing for the removal of a fiduciary "for habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct, because the interest of the property, testamentary trust, or estate that the fiduciary is responsible for administering demands it, or for any other cause authorized by law").

{¶10}  As we have concluded that no substantial right is affected by the trial court's action, this Court lacks jurisdiction and the appeal is dismissed.

III.

{¶11}  In concluding that the November 5, 2013 judgment entry of the Summit County Court of Common Pleas, Probate Division, is not a final, appealable order, the appeal is dismissed.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

DAVID THOMAS, pro se, Appellant.

JOHN F. HERMAN, Attorney at Law, for Appellee.