[Cite as *In re Estate of Brate*, 2019-Ohio-446.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


IN THE MATTER OF:                    :

    THE ESTATE OF                    :          CASE NO.  CA2017-09-133
    HOMER D. BRATE, Deceased

                             :          O P I N I O N
                                        2/11/2019

                                        :

                                        :


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
PROBATE DIVISION
Case No. 2005-1545


William R. Miller, 111 West First Street, Suite 1150, Dayton, Ohio 45402, for appellant, Sherry Walsh

Scott G. Oxley, 325 North Main Street, Suite 204, Springboro, Ohio 45066, for appellee, Nolan Brate


    **RINGLAND, J.**

    **{¶ 1}** Sherry Walsh, executrix of the estate of Homer Brate ("Sherry"), appeals from the decision of the Warren County Common Pleas Court, Probate Division, which found that she fraudulently conveyed the estate's real property and ordered the property returned to the estate. For the reasons described below, this court affirms the probate court decision in part, but reverses and remands with instructions to remove Sherry as fiduciary and appoint a successor fiduciary.

{¶ 2} Homer Brate died in 2005. The Warren County Probate Court appointed Sherry as executrix. The beneficiaries of the estate are Sherry and Nolan Brate ("Nolan"). The primary remaining asset of the estate was a property located in Franklin, Ohio.

{¶ 3} This estate has generated considerable controversy and years of litigation involving issues unrelated to the current appeal. This specific controversy relates back to a motion Sherry filed in 2013 asking for reimbursement for estate expenses and a motion that Nolan filed in 2014 asking the probate court to remove Sherry as fiduciary.

{¶ 4} Those matters were to be tried in March 2016. However, the parties negotiated a settlement. The settlement provided that the estate would sell the Franklin property and Nolan would withdraw his motion to remove Sherry. The parties would later present argument and evidence to the court to determine how the proceeds of the sale should be distributed.

{¶ 5} The parties subsequently drafted a written settlement agreement. However, Sherry would not sign the agreement and apparently claimed she agreed to the settlement under duress. Nolan moved the court to enforce the settlement agreement and the court held a hearing. Following the hearing, the probate court found that Sherry's claims that she was under duress or lacked the capacity to enter the agreement had no basis. The court found the settlement agreement enforceable.

{¶ 6} In September 2016, the probate court issued an entry ordering Sherry to sell the property at a public sale. However, without court approval or notice, Sherry signed an executor's deed and transferred the property to two acquaintances, Larry Walsh and Steven Miller. The estate received no cash consideration in the transaction. The transfer was intended to pay an untimely claim against the estate by Larry and to repay a personal loan that Steven made to Sherry in the amount of $56,000.

{¶ 7}   Nolan filed a complaint against Sherry, Larry, and Steven.  The complaint alleged that Sherry breached her fiduciary duties in transferring the property and also that she converted rent monies from the property.  Nolan asked the court to reverse the property transfer and quiet title to the estate.  Nolan further asked for punitive damages and attorney fees against Sherry and her removal as the estate fiduciary.

{¶ 8}   The probate court held a two-day hearing in February 2017.  Nolan, Sherry, Larry, and Steven testified.  The court later issued a decision finding that Sherry breached her fiduciary duty by transferring the property to Larry and Steven to pay off a personal debt and an untimely claim against the estate and that her actions amounted to a fraudulent conveyance.  The court further found that Larry and Steven were aware that Sherry had agreed to sell the property at public auction at the time they received the deed and that neither were bona fide purchasers for value.  Accordingly, the court ordered the title of the property to be transferred to the estate.[1]

{¶ 9}   The court found that multiple grounds existed to remove Sherry as fiduciary, including that she failed to open an estate checking account, had commingled estate asserts with her personal assets, and engaged in the fraudulent conveyance of estate property.  However, the court did not remove Sherry, instead ordering her to continue to act as fiduciary and further stated that it would permit her to sell the property but would require her to obtain court approval to do so and to provide notice to Nolan.

{¶ 10}  Sherry appeals, raising seven assignments of error.

{¶ 11}  Assignment of Error No. 1:

{¶ 12}  THE PROBATE COURT ERRED IN FINDING THAT NOLAN BRATE MADE AN OFFER OF $200,000.00 TO PURCHASE THE REAL ESTATE.

---

1.  Neither Larry nor Steven have appealed the court's order.

{¶ 13} Sherry argues that the court erred when it determined that Nolan offered $200,000 to purchase the property. She argues that the evidence at hearing indicated that Nolan only offered $150,000. Nolan concedes that the record indicates that he offered $150,000.

{¶ 14} Sherry fails to explain how the court's apparent error as to Nolan's offer amount prejudiced her. Whether Nolan offered to purchase the property and the amount he offered is ultimately irrelevant to the court's conclusion that Sherry acted with fraudulent intent when she secretly conveyed the only remaining estate asset to her acquaintances to settle a personal debt and an untimely claim against the estate. This court overrules Sherry's first assignment of error.

{¶ 15} Assignment of Error No. 2:

{¶ 16} THE LOWER COURT ERRED WHEN IT DETERMINED THAT ATTORNEY JOHN SHARTS WAS OWED $21,905.26.

{¶ 17} Sherry next argues that the court erred in its finding that an attorney, John Sharts, who previously worked on the case, was owed monies by the estate. App.R. 16(A)(7) requires an appellant's brief to contain "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions * * *." This court is permitted to disregard arguments if the party raising the argument fails to "identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief * * *." App.R. 12(A)(2).

{¶ 18} Sherry does not explain either the factual or legal basis for her claim that the court erred in its finding that Attorney Sharts was owed money by the estate. In fact, Sherry's brief indicates that she paid Sharts in full following the filing of the notice of appeal, thus

contradicting her own position.[2]  Instead of explaining the basis for her claim, Sherry instead presents a separate argument.  She argues that the court should have considered an escrow agreement related to Sharts' fees that she executed and filed with the court *after* the hearing of this matter.  Sherry contends that if the court had considered that agreement, it would have concluded that her transfer of the estate property was legitimate.

{¶ 19}  Sherry does not argue the assignment of error presented to this court and this court therefore declines to address the argument.  Moreover, there is no logical reason that the court's decision could be erroneous based upon an escrow agreement that did not exist until after the evidentiary hearing.  This court overrules Sherry's second assignment of error.

{¶ 20}  This court addresses the next four assignments of error collectively.

{¶ 21}  Assignment of Error No. 3:

{¶ 22}  THE LOWER COURT ERRED WHEN IT STATED THAT A BARTER EXCHANGE IS NOT VALID AND MUST BE A MONETARY EXCHANGE AND WENT FURTHER TO STATE THAT AN (A)(1) CREDITOR CAN BE NOT NEGATED BY AN (A)(3) AND (A)(10) CREDITOR.

{¶ 23}  Assignment of Error No. 4:

{¶ 24}  THE WARREN COUNTY PROBATE COURT ERRED WHEN IT DETERMINED THAT SHERRY WALSH DID NOT HAVE THE AUTHORITY TO SELL REAL ESTATE TO LARRY WALSH AND [STEVEN] MILLER UNDER THE TERMS OF THE WILL.

{¶ 25}  Assignment of Error No. 5:

{¶ 26}  THE LOWER COURT ERRED IN FINDING THAT THE COMPLAINT FOR QUIET TITLE WAS PROPERLY PRESENTED AND IT HAD AUTHORITY TO RULE ON THE COMPLAINT.

---

2. The record on appeal does not reflect whether Attorney Sharts was paid his attorney fees; Sherry claims he was paid with reference to materials outside this court's record.

{¶ 27} Assignment of Error No. 6:

{¶ 28} THE LOWER COURT ERRED IN FINDING THAT THE SALE TO [STEVEN] MILLER AND LARRY WALSH WAS A FRAUDULENT CONVEYANCE.

{¶ 29} Sherry's third through sixth assignments of error all generally challenge the court's finding that Sherry's decision to transfer the estate property to Larry and Steven was improper and that the transfer constituted a fraudulent conveyance.[3] The probate court has exclusive jurisdiction to "direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." R.C. 2101.24(A)(1)(c). The probate court is afforded some discretion in its control of the administration of an estate and therefore this court typically reviews for an abuse of discretion. *In re Estate of Lilley*, 12th Dist. Warren Nos. CA2005-08-091, CA2005-08-092, CA2005-08-095, and CA2005-08-096, 2006-Ohio-5510, ¶ 12. An abuse of discretion means that the court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). With respect to factual findings, this court will not reverse the probate court if there is "some" competent, credible evidence going to all essential elements of the case. *In re Estate of Perry*, 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, ¶ 15.

{¶ 30} According to Ohio's Uniform Fraudulent Transfer Act, R.C. 1336.04:

> (A) A transfer made or an obligation incurred by a debtor is fraudulent as to a creditor, whether the claim of the creditor arose before, or within a reasonable time not to exceed four years after, the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation in either of the following ways:
>
> > (1) With actual intent to hinder, delay, or defraud any creditor of the debtor;

---

3. Nolan's complaint did not plead a fraudulent conveyance action. The court noted that the parties tried the case as if it were a fraudulent conveyance action and therefore the matter was properly before the court by the implied consent of the parties pursuant to Civ.R. 15(B). Neither party has appealed this aspect of the court's decision.

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and if either of the following applies:

(a) The debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction;

(b) The debtor intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Fraudulent intent is determined from the facts and circumstances of each case. *Stein v. Brown*, 18 Ohio St.3d 305, 308 (1985).

{¶ 31} The probate court found that Sherry's transfer of the property was made with the intent to defraud Nolan, the only other beneficiary of the estate, and Attorney Sharts, a creditor of the estate. The probate court further found that property was transferred without a reasonable equivalent value in exchange. There is evidence in the record to support these conclusions. The estate was unlikely to have sufficient assets to pay its creditors in full. The court ordered Sherry to sell the only remaining asset of the estate at a public sale. She did not. Instead, Sherry transferred the property to individuals with whom she held close relationships. She transferred half the property to Larry to settle a decade old, unpresented claim, which the estate had no obligation to pay. Thus, she transferred half the property to extinguish a claim that had no value. She transferred the other half of the property to Steve to settle a $56,000 loan personal to Sherry. Sherry transferred the property without notice to the probate court even though the property was the subject of much controversy and litigation. Accordingly, there is competent, credible evidence in the record to support the court's factual findings that Sherry's decision to transfer the property constituted a fraudulent conveyance.

{¶ 32} Sherry also challenges Nolan's ability to sue based on standing, arguing that because the estate is insolvent, Nolan would not be entitled to a disbursement and thus lacks provable damages. Whether Nolan could or could not establish monetary damages is speculative as the property was never sold in a public sale. In this regard, the probate court specifically reserved judgment on compensatory and punitive damages, and attorney fees.[4] In addition, the probate court noted that Nolan had standing to sue to quiet title based on a possessory interest in the property under R.C. 5303.01 by his possession of several storage units in the building.

{¶ 33} Finally, Sherry contends that she had the right to transfer the property without court approval by the terms of the will and claims that the probate court rewrote Brate's will. However, Brate's will did not empower Sherry to use estate property to settle her personal debt or pay untimely estate claims. In sum, this court concludes that the record supports the probate court's finding of a fraudulent conveyance and the court did not abuse its discretion. This court overrules Sherry's third through sixth assignments of error.

{¶ 34} Assignment of Error 7:

{¶ 35} THE PROBATE COURT ERRED IN REMOVING SHERRY WALSH BUT THEN ORDERED HER TO CONTINUE TO SERVE AND EXPEND MORE OF HER PERSONAL FUNDS TO CONTINUE TO ADMINISTER THIS ESTATE OF HOMER BRATE.

{¶ 36} Sherry argues that the court erred in finding grounds for her removal but nonetheless ordering her to continue to act as fiduciary of the estate. The removal of a fiduciary is a matter within the sound discretion of the probate court, and a reviewing court will not reverse that decision absent a clear showing of abuse of that discretion. *In Perry*, 2008-Ohio-351 at ¶ 31.

---

4. The probate court's order was appealable because it affected a substantial right in a special proceeding. R.C. 2505.02(B)(2); *see Wead v. Kutz,* 161 Ohio App.3d 580, 2005-Ohio-2921, ¶ 8-15 (12th Dist.).

{¶ 37} The probate court found "clear" grounds for Sherry's removal as fiduciary, including the fraudulent conveyance of estate property, commingling estate assets with her personal assets, and failing to establish an estate checking account. Yet, the court allowed Sherry to continue in her role with a requirement that she not enter into a subsequent contract for the private sale of the property without written notice to Nolan or the court.

{¶ 38} We find that the probate court abused its discretion in permitting Sherry to continue as fiduciary of the estate. Sherry's actions mandate her removal as fiduciary. Moreover, her past actions demonstrate an attitude of indifference to the court and its orders. Thus, requiring Sherry to first provide notice to the court prior to entering a contract of sale is not a viable solution. This court sustains Sherry's seventh assignment of error to the extent the probate court erred in allowing Sherry to continue in her fiduciary role. This matter is remanded with instructions to the probate court to remove Sherry as fiduciary and to appoint a bonded successor fiduciary who may then undertake the actions necessary to finalize the administration of this estate.

{¶ 39} Judgment affirmed in part, reversed in part, and remanded.

S. POWELL, P.J., and HENDRICKSON, J., concur.