[Cite as *Patterson v. New Partners Ltd.*, 2020-Ohio-1017.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ERIC PATTERSON, et al.

    Appellants

    v.

NEW PARTNERS LTD, et al.

    Appellee

C.A. No.    29448

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2016 11 4897

DECISION AND JOURNAL ENTRY

Dated: March 18, 2020

SCHAFER, Judge.

{¶1} Plaintiff-Appellants, Eric Patterson and Laura Patterson appeal the order of the Summit County Court of Common Pleas denying their motion for sanctions against Defendant-Appellee, Swagelok Associates Welfare Benefit Plan-Medical Benefits Program ("Swagelok Plan"). For the reasons that follow, this Court dismisses the attempted appeal for lack of jurisdiction.

I.

{¶2} On November 25, 2014, Mr. Patterson was severely injured in a motor vehicle accident with a tractor-trailer truck. Mr. Patterson incurred significant medical bills following the accident. At the time of the collision, Mr. Patterson was covered by the Swagelok Plan, a health insurance plan offered through his employer, the Swagelok Company.

{¶3} The Pattersons subsequently filed a complaint asserting claims against Roger Siegel, the driver of the tractor-trailer; Nationwide Truck Brokers, Inc, ("Nationwide Truck"), the

owner of the tractor-trailer; American Family Insurance Company ("American Family"), the insurer of Mr. Patterson's motor vehicle; Summa Health System ("Summa"), Mr. Patterson's medical provider; the Swagelok Plan; and United Healthcare, Inc. ("United Healthcare"), the administrator of the Swagelok Plan. The Pattersons amended their complaint on December 5, 2016, to correct the name of defendant Nationwide only.

{¶4} Thereafter, American Family filed an answer to the Pattersons' complaint, a counterclaim against the Pattersons, and cross-claims against Nationwide Truck and Mr. Siegel. Summa filed an answer to the Pattersons' complaint and a counterclaim against the Pattersons. Swagelok Plan filed an answer to the Pattersons' complaint and a counterclaim against the Pattersons. The Pattersons subsequently dismissed their complaint against Summa, and Summa dismissed its counterclaim against the Pattersons.

{¶5} Relevant to this appeal, about four months after the Pattersons filed their initial complaint, United Healthcare, through Attorney Shaun Byroads, filed an answer to the Pattersons' complaint as well as cross-claims against Nationwide Truck, Mr. Siegel, and American Family. United Healthcare's cross-claims all asserted that United Healthcare had subrogation rights in this case. That same day, Attorney Byroads filed a notice of substitution of counsel, informing the trial court and the other parties that Attorney Byroads was thereby substituted as counsel for Swagelok Plan. From that point on, Attorney Byroads represented both United Healthcare and Swagelok Plan in this case.

{¶6} On March 17, 2017, the Pattersons filed a motion for default judgment against United Healthcare arguing that United Healthcare's answer was not timely. Following a hearing, a joint stipulation was filed indicating that "interested parties" stipulated that any subrogation or reimbursement rights were the exclusive right of Swagelok Plan. The joint stipulation was signed

by the trial court and included an order finding the Pattersons' motion for default judgment was moot and purporting to dismiss United Healthcare without prejudice.

{¶7} Following mediation, counsel for the Pattersons, American Family Insurance, Nationwide, Mr. Siegel, and Swagelok Plan filed a stipulated dismissal with prejudice stipulating that the matter had been settled and dismissed, with prejudice.

{¶8} Subsequent to the filing of the stipulated dismissal, evidence allegedly undermining Swagelok Plan's asserted subrogation and reimbursement rights in this case was discovered in a separate matter involving the Pattersons and Swagelok plan. The Pattersons thereafter filed a motion for sanctions in this case, asserting that Swagelok Plan and its counsel concealed that evidence—despite the Pattersons' specific request for production—during discovery in this case. Following briefing by the parties, the trial court determined it did not have jurisdiction to consider the Pattersons' motion.

{¶9} The Pattersons filed this timely appeal, asserting one assignment of error for our review.

## II.

### Assignment of Error

**The trial court erred in holding that it did not retain jurisdiction to consider [the Pattersons'] motion for sanctions following the voluntary dismissal of all claims pursuant to Civ.R. 41(A).**

{¶10} In their sole assignment of error, the Pattersons contend that the trial court erred in when it determined it did not have jurisdiction to consider their motion for sanctions.

{¶11} As a threshold matter, this Court questions its jurisdiction to hear this appeal. This Court is obligated to raise sua sponte questions related to our jurisdiction. *Whitaker-Merrell Co. v. Geupel Constr. Co., Inc.*, 29 Ohio St.2d 184, 186 (1972). Upon review of the initial filings, this

Court determined that it was unclear whether all claims against all parties had been resolved, and specifically questioned whether United HealthCare's cross-claims had been resolved. This Court stated that if claims remained pending in this case, the trial court's order denying the Pattersons' motion would be interlocutory, and further questioned whether that order would be immediately appealable. *See Dillon v. Big Trees, Inc.*, 9th Dist. Summit No. 23831, 2008-Ohio-3264, ¶ 13.

{¶12} At this Court's request, the parties filed memoranda addressing the issue. This Court issued a magistrate's order provisionally determining that the matter could proceed, but indicating that this Court may revisit its jurisdiction during the final disposition of the appeal. We elect to do so now.

{¶13} "In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction." *In re Estate of Thomas*, 9th Dist. Summit No. 27177, 2014-Ohio-3481, ¶ 4; see Ohio Constitution, Article IV, Section 3(B)(2). "This rule of finality prevents piecemeal litigation, avoids delay, and thereby promotes judicial economy." *State v. Torco Termite Pest Control*, 27 Ohio App.3d 233, 234 (10th Dist.1985). Consequently, if an order is filed that does not resolve all claims against all parties in an action that asserts more than one claim, that order must meet the requirements of both Civ.R. 54(B) and R.C. 2505.02 to be final and appealable. *Chef Italiano Corp. v. Kent State University*, 44 Ohio St.3d 86, 88 (1989). However, "a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment." *Wise v. Gursky*, 66 Ohio St.2d 241, 243 (1981).

{¶14} In their memoranda, both the Pattersons and Swagelok contend that all claims in this matter were resolved prior to the trial court's denial of the Pattersons' motion for sanctions. A review of the record does not support this contention.

{¶15} First, both Swagelok Plan and the Pattersons assert that the joint stipulation resolved all claims against United Healthcare as well as United Healthcare's cross-claims. The joint stipulation stated in its entirety:

> The interested parties of Plaintiff Eric L. Patterson and Defendants Swagelok [Plan] and United Healthcare hereby stipulate the subrogation rights (if any) and reimbursement rights (if any) are the exclusive right of the Swagelok [Plan] which paid the medical claims and is already a party to this case and is represented by undersigned counsel. It is hereby ordered that Plaintiff's Motion for Default Judgment is moot as to United Healthcare, Inc. and United Healthcare, Inc. is hereby dismissed without prejudice.

This joint stipulation was signed by the trial judge and indicates approval by Attorney Shaun D. Byroads in his capacity as "Counsel for Swagelok [Plan]" and Attorney Benjamin Pfouts in his capacity as "Counsel for Plaintiff Eric Patterson."

{¶16} There is no indication on the face of the joint stipulation that United Healthcare approved the stipulation. Although United Healthcare was referenced as an interested party, counsel for United Healthcare did not sign the joint stipulation or otherwise indicate approval on behalf of United Healthcare in any way. This Court has previously stated that "[w]hen there are multiple parties, a stipulation is not binding upon a party who did not sign it, but remains 'effective and binding' as to the parties who did sign it." *Graves Lumber Co. v. Croft*, 9th Dist. Summit Nos. 26624, 26678, 2014-Ohio-4324, ¶ 30, quoting *DeWitt v. Jensen*, 2d Dist. Montgomery No. 25768, 2014-Ohio-529, ¶ 22. Consequently, the joint stipulation was not binding on United Healthcare.

{¶17} Swagelok Plan asserts that the signature of Attorney Byroads was sufficient to show United Healthcare's approval of the joint stipulation because he represented both Swagelok and

United Healthcare in this matter. However, from the face of the joint stipulation, it is plain that Attorney Byroads only signed the stipulation in his capacity as counsel for Swagelok Plan. The record reflects that Swagelok Plan and United Healthcare are separate entities. As such, Attorney Byroads' approval of the joint stipulation as "Counsel for Swagelok [Plan]" is not sufficient to bind United Healthcare.

{¶18} Contrary to Swagelok Plan and the Pattersons' assertion, the purported dismissal of United Healthcare as a defendant in the joint stipulation does not explicitly resolve or even address United Healthcare's cross-claims. Even assuming the language of the joint stipulation stating that United Healthcare was "dismissed without prejudice" was sufficient to dismiss all claims against United Healthcare, we cannot say that the joint stipulation order disposed of United Healthcare's cross-claims, which *specifically* assert subrogation rights against Mr. Siegel, Nationwide Truck, and American Family.

{¶19} Next, both Swagelok Plan and the Pattersons assert that, even if the joint stipulation did not dispose of United Healthcare's cross-claims, the subsequent stipulated dismissal with prejudice adjudicated all claims against all parties. Upon review of the stipulated dismissal, we disagree.

{¶20} The stipulated dismissal states in full:

> We, the attorneys for the respective parties, do hereby stipulate that this case has been settled and dismissed, with prejudice. Costs to Defendants [Nationwide Truck and Mr. Siegel]. Notice by the Clerk is hereby waived.

The stipulated dismissal is signed by the trial judge and indicates approval by counsel for the Pattersons, Nationwide Truck, Mr. Siegel, American Family, and Swagelok Plan. Like the joint stipulation, the stipulated dismissal does not indicate approval by counsel for United Healthcare.

{¶21} Civ.R. 41 governs the dismissal of actions, including cross-claims. Civ.R. 41(C). Civ.R. 41(A) specifically addresses *voluntary* dismissals. Civ.R. 41(A)(1) provides for a plaintiff's voluntary dismissal without court order of all claims asserted by plaintiff against a defendant. Pursuant to Civ.R. 41(A)(1)(a), a plaintiff may voluntarily dismiss all claims by "filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant[.]" Civ.R. 41(A)(1)(b) provides that a plaintiff may voluntarily dismiss an action by "filing a stipulation of dismissal *signed by all parties* who have appeared in the action." (Emphasis added.) Thus, a stipulated dismissal under Civ.R. 41(A)(1)(b) does not require a court order, but "requires the cooperation of the opposing party or parties for the dismissal to be accomplished." *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, ¶ 25.

{¶22} A voluntary dismissal may also be accomplished by order of the court pursuant to Civ.R. 41(A)(2). That rule provides that "a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." A court order of voluntary dismissal is "obtained by virtue of a *motion* for dismissal." (Emphasis sic.) 1970 Staff Notes to Civ.R. 41.

{¶23} The stipulated dismissal in this case does not state under which subsection of Civ.R. 41 the parties intended to dismiss the matter. Though not argued in their memoranda, the Pattersons assert in their merit brief that the stipulated dismissal was pursuant to Civ.R. 41(A)(1). Swagelok Plan, on the other hand, asserts in its merit brief that the stipulated dismissal was made pursuant to Civ.R. 41(A)(2).

{¶24} The stipulated dismissal in this case was a stipulation and not a notice of dismissal under Civ.R.41(A)(1)(a). However, a review of the record shows that, although the trial court

signed the stipulated dismissal, it did not purport to dismiss the case pursuant to court order. Rather, the stipulated dismissal—titled "Stipulated Dismissal with Prejudice"—merely memorialized the stipulation of "the attorneys for the respective parties * * * that this case has been SETTLED AND DISMISSED, WITH PREJUDICE." Because the parties did not move the court for an order of dismissal pursuant to Civ.R. 41(A)(2), this stipulated dismissal simply memorialized the stipulation of those parties, and the attempted dismissal could only have been made pursuant to Civ.R. 41(A)(1)(b).

{¶25} As indicated above, a stipulated dismissal pursuant to Civ.R. 41(A)(1)(b) requires the signature of *all* parties in order to be effective. Civ.R. 41(A)(1)(b); *Hutz v. Gray*, 11th Dist. Trumbull No. 2008-T-0100, 2009-Ohio-3410, ¶ 32 ("[A] Civ.R. 41(A)(1)(b) dismissal is ineffective if one of the parties fails to sign it.") Therefore, because counsel for United Healthcare did not sign the stipulated dismissal, it was ineffective.

{¶26} Swagelok Plan next argues—possibly under the assumption that the trial court dismissed the matter pursuant to Civ.R. 41(A)(2)—that the use of the term "case" in the statement that "[w]e, the attorneys for the respective parties, do hereby stipulate that this *case* has been settled and dismissed, with prejudice" combined with signed approval of Swagelok Plan and United Healthcare's shared counsel, Attorney Byroads, was sufficient to show the intent of the parties was to dismiss all remaining claims in this matter. Although we have already determined that the stipulated dismissal was ineffective in this case, we again note that it is clear from the record that Swagelok Plan and United Healthcare are separate entities. As such, Attorney Byroads' approval of the stipulated dismissal as "Counsel for Swagelok [Plan]" is not sufficient to indicate approval of the dismissal on behalf of United Healthcare.

{¶27} Finally, both Swagelok Plan and the Pattersons argue in the alternative that the trial court's order denying the Pattersons' motion for sanctions was itself a final appealable order because it constituted a denial of a provisional remedy. *See* R.C. 2505.02(B)(4). However, even assuming the order constitutes the denial of a provisional remedy, because claims remain pending in this matter, it was necessary for the order to comply with Civ.R. 54 to be final and appealable. *Chef Italiano Corp.*, 44 Ohio St.3d at 88. Civ.R. 54(B) states in part that a trial court may enter a final judgment on fewer than all claims or parties in an action "only upon an express determination that there is no just reason for delay." A review of the order denying the Pattersons' motion for sanctions shows that the trial court made no such determination.

{¶28} Based on the foregoing, we conclude that this attempted appeal must be dismissed for lack of subject matter jurisdiction. *See In re Estate of Thomas*, 2014-Ohio-3481 at ¶ 4.

III.

{¶29} The Pattersons' attempted appeal is dismissed for lack of a final appealable order.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.

APPEARANCES:

BENJAMIN P. PFOUTS, Attorney at Law, for Appellants.

SHAUN D. BYROADS and DARAN P. KIEFER, Attorneys at Law, for Appellee.